UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| QUENTIN L.L. PERRY, | Case No. 19-CV-0911 (PJS/TNL) |
| Plaintiff, | |
| v. | ORDER |
| SHERBURNE COUNTY JAIL; SHERBURNE COUNTY NURSING STAFF; MERCY HOSPITAL; and SHERBURNE COUNTY WATCH COMMANDER, | |
| Defendants. | |

Quentin L.L. Perry, pro se.

This matter is before the Court on plaintiff Quentin L.L. Perry's objection to the August 6, 2019 Report and Recommendation ("R&R") of Magistrate Judge Tony N. Leung. Judge Leung recommends dismissal of Perry's amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Judge Leung further recommends denial of Perry's application to proceed *in forma pauperis*. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court overrules Perry's objection, adopts the R&R, and agrees that dismissal of the action is warranted. Before entering judgment, however, the Court will give Perry 60 days to attempt to find legal assistance and to seek leave to file an amended complaint.

As the R&R explains, Perry's complaint is deficient because it does not name or otherwise identify any particular person who allegedly violated his constitutional rights. In his objection to the R&R, Perry asks the Court to give him a chance to take discovery so that he may learn the names and identities of the individuals who were deliberately indifferent to his medical needs. ECF No. 13 at ¶¶ 4–5. But Perry is putting the cart before the horse. Before he can take discovery, he must first file a complaint that makes plausible claims. *See Zink v. Lombardi*, 783 F.3d 1089, 1105–06 (8th Cir. 2015) ("[T]he Supreme Court has rejected the notion that discovery must be available to a plaintiff who cannot allege sufficient factual matter to suggest plausibly an entitlement to relief.") (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007)). Accordingly, Perry's request for discovery is denied.[1]

On May 2, 2019, Judge Leung's chambers provided Perry with a letter referring him to the Federal Bar Association's Pro Se Project. ECF No. 4. Perry reports that he never received this letter. ECF No. 13 at ¶ 2. In light of this, the Court will order the Clerk of Court to mail a copy of the letter to Perry, and the Court will withhold entering judgment in this case for 60 days. During that 60-day period, Perry may attempt to find

---

[1] In his objection to the R&R, Perry also asks the Court to remand his claim against defendant Mercy Hospital to state court. ECF No. 13 at ¶ 7. But this case did not originate in state court, and thus it cannot be "remanded." If Perry wants to sue Mercy Hospital, he will have to file an action in Minnesota state court.

legal assistance with his case, and he may seek leave to file an amended complaint if he is able to cure the problems with the original complaint.² Fed. R. Civ. P. 15(a)(2).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Perry's objection to the R&R [ECF No. 13] is OVERRULED.

2. The R&R [ECF No. 11] is ADOPTED.

3. Perry's application to proceed *in forma pauperis* [ECF No. 2] is DENIED.

4. This matter is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

5. Entry of judgment will be STAYED until November 4, 2019, to give Perry a chance to secure legal representation and to give Perry an opportunity to seek leave to file an amended complaint.

6. The Clerk of Court is ORDERED to send to Perry a copy of the FBA Pro Se Project Referral Letter [ECF No. 4].

7. If Perry does not seek leave to file an amended complaint prior to November 4, 2019, judgment will be entered pursuant to this Order.

---

²The Court notes that if Perry wishes to proceed *in forma pauperis*, he will have to file a valid application, as his present application [ECF No. 2] is deficient.

Dated: September 3, 2019    s/Patrick J. Schiltz
                            Patrick J. Schiltz
                            United States District Judge